**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Nancy Florence SHORT, Defendant—
Appellant.**

**No. 08–30020.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed Dec. 18, 2008.

Graber, Circuit Judge, filed dissenting opinion.

Victoria L. Francis, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

Robert L. Kelleher, Jr., Esquire, Kelleher Law Office, Billings, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM *

Defendant Nancy Florence Short stole money from her mother and her mother's husband's estate.  She pleaded guilty to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**524**

concealing assets and making a false declaration or statement in violation of 18 U.S.C. § 152(1) and (3), respectively. The district court sentenced her to 60 months' imprisonment, plus three years of supervised release, and ordered her to pay restitution. This timely appeal from the resulting judgment challenges only the application of a 2–level sentencing enhancement for a vulnerable victim under U.S.S.G. § 3A1.1(b)(1). Reviewing the finding of victim vulnerability for clear error, *United States v. Weischedel,* 201 F.3d 1250, 1252 (9th Cir.2000), we affirm.

The district court did not clearly err in finding that Defendant's mother was particularly susceptible to the criminal conduct at issue, U.S.S.G. § 3A1.1(b)(1) cmt. n.2. The court relied on a combination of factors, including the mother's age (82) and her isolation, which Defendant herself caused. *See United States v. Veerapol,* 312 F.3d 1128, 1133–34 (9th Cir.2002) (upholding a vulnerable victim enhancement where the defendant's actions caused the particular vulnerability). Among other things, Defendant told nursing home officials (falsely) that her mother had Alzheimer's disease, making it less likely that her mother's complaints of victimization would be believed by authorities and therefore more likely that Defendant's criminal scheme would succeed, and transferred all her mother's banking mail to herself. As a result, Defendant's mother became particularly susceptible to theft by her daughter.

AFFIRMED.

GRABER, Circuit Judge, dissenting:

I respectfully dissent, because the district court clearly erred in finding Defendant's mother to be especially vulnerable. The district court relied in part on a finding that Defendant's mother was "rather unsophisticated," but the record can support only the opposite conclusion. The mother had transferred about $100,000 more from a Texas account into a Montana account than she was entitled to have from her late husband's estate; she then reinvested the proceeds in CDs in her own name and Defendant's name to keep funds out of the hands of the executor of her late husband's estate. In addition, in my view the record does not support a finding of isolation. It was the mother's idea to move to a nursing home in Montana, she could phone the bank at will, and she had access to staff members who helped her. Finally, the fact that her daughter forwarded her mail did not make her vulnerable to the kind of theft that occurred here.